IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GEORGE A. HAYNES                                                          PLAINTIFF

vs.                                     Civil No. 1:10-cv-01055

MICHAEL J. ASTRUE                                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

George Haynes ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for Social

Security Income ("SSI") and a period of disability under Title XVI of the Act.  The parties have

consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case,

including conducting the trial, ordering the entry of a final judgment, and conducting all post-

judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum

opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff protectively filed an application for SSI on February 5, 2007.  (Tr. 97-99).  Plaintiff

alleged he was disabled due to leg problems, high blood pressure, emphysema, and irregular

heartbeat.  (Tr. 112).  Plaintiff alleged an onset date of February 5, 2007.  (Tr. 112).  This application

was denied initially and again upon reconsideration.  (Tr. 58-63, 67-68).  Thereafter, Plaintiff

requested an administrative hearing on his application, and this hearing request was granted.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

1

69-70).

Plaintiff's administrative hearing was held on May 21, 2008, in El Dorado, Arkansas. (Tr. 36-57). Plaintiff was present and was represented by counsel, Denver Thornton at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Dr. Tyra Watts, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and completed the eighth grade. (Tr. 39-40).

On October 9, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 13-21). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 5, 2007, his alleged onset date. (Tr. 15, Finding 1).

The ALJ determined Plaintiff had the severe impairments of hypertension and chromic obstructive pulmonary disease ("COPD"). (Tr. 15, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-19, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work activity, with the restrictions of no work around temperature extremes, chemicals, dust, fumes, or humidity; occasional stooping, climbing, crouching, kneeling, and crawling; due to a limited education and reading skills, only simple, unskilled or semiskilled work activity; can understand, follow, and remember concrete instructions; and no restrictions in contact with supervisors, co-workers, and public. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr.19, Finding 5). The ALJ

determined Plaintiff's PRW included work as a fighter, construction worker, and power operator. (Tr. 19).  Based upon his RFC, the ALJ determined Plaintiff would be unable to perform this PRW. *Id.*

The ALJ did, however, find Plaintiff retained the ability to perform other work existing in significant numbers in the national economy.  (Tr. 19-20, Finding 9).  The ALJ based this finding upon the testimony of the VE. *Id.*  Specifically, the VE testified in response to a question from the ALJ that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as a (1) assembler with approximately 18,000 such jobs in the Arkansas economy and 1,100,000 in the national economy and (2) routing clerk with 5,070 such jobs in the Arkansas economy and 800,000 in the national economy.  *Id.*  The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from February 5, 2007 through the date of his decision. (Tr. 20, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 7-8).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-4).  On August 2, 2010, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on September 1, 2010.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 7-8.  This case is now ready for decision.

**2. <u>Applicable Law</u>:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox*, 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 7 at 3-9. Specifically, Plaintiff claims the ALJ erred in developing the record by not referring Plaintiff for orthopedic and respiratory evaluations. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 8.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced

or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ should have obtained a consultative orthopedic examination and respiratory tests, and as a result of not doing so, the ALJ failed in his duty to properly develop the record. Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record.

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of his limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

Plaintiff was seen for a consultative general physical examination by Dr. Carlton Newsome on May 1, 2007. (Tr. 173-184). Plaintiff argues x-rays of Plaintiff's back and knee should have been done as part of this exam. However, Dr. Newsome indicated Plaintiff's gait was normal, had no muscle atrophy or weakness, and joint motion was not limited by more than 30%. In fact, Plaintiff had a normal range of motion in his cervical and lumbar spine. (Tr. 178-179). Dr. Newsome also found Plaintiff did not have any limitation in his ability to walk, stand, sit, hear, speak, lift objects, carry objects, or handle objects. (Tr. 181). This medical evidence is sufficient to allow the ALJ to make an informed decision in this case.

Plaintiff also alleges respiratory testing should have been done to assess the severity of Plaintiff's COPD. However, the ALJ found Plaintiff's COPD to be a severe impairment and included significant limitations in his RFC determination of Plaintiff. These included no work

6

around temperature extremes, chemicals, dust, fumes, or humidity, along with only occasional stooping, climbing, crouching, kneeling, and crawling.  (Tr. 15-16).  Plaintiff fails to allege what additional limitations the ALJ should have found with regard to his COPD.  Thus Plaintiff fails to demonstrate what prejudice, if any, resulted from the ALJ's failure to order additional respiratory testing.

I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

**4. <u>Conclusion:</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **1st day of August, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

7